# IN THE COURT OF APPEALS OF IOWA

No. 16-1049
Filed March 22, 2017

**LOIS NOLL and LEONARD NOLL,**
    Petitioners-Appellees,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES,**
    Respondent-Appellant.

_____

Appeal from the Iowa District Court for Van Buren County, Joel D. Yates,

Judge.


The Iowa Department of Human Services appeals the denial of its motion

to dismiss. **REVERSED AND REMANDED.**




Thomas J. Miller, Attorney General, and Daniel W. Hart, Assistant

Attorney General, for appellant.

Curtis R. Dial of Law Office of Curtis Dial, Keokuk, for appellee.


Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

The Iowa Department of Human Services appeals the denial of its motion to dismiss a judicial review petition for failure to exhaust administrative remedies.

## I.    *Background Facts and Proceedings*

The department denied Leonard Noll medical assistance after concluding resources attributable to him exceeded regulatory limits.  Noll filed an intra-agency appeal, which was considered by an administrative law judge.  The ALJ issued a proposed decision affirming the attribution of certain resources to Noll and the denial of medical assistance.  *See* Iowa Admin. Code § 441-7.16(3)(17A) (2016) ("Following the reception of evidence, the presiding officer shall issue a proposed decision, consisting of the issues of the appeal, the decision, the findings of fact and conclusions of law.").  Noll did not seek administrative review of the proposed decision as permitted by department rules.  *See id.* § 441-7.16(4)(a)(17A) ("The appellant . . . may appeal for the director's review of the proposed decision.").  The department notified Noll that, in the absence of a timely request for review of the proposed decision, the proposed decision became final.  *See id.* § 441-7.16(4)(b)(17A) (noting if "the appellant . . . has not appealed the proposed decision . . . the proposed decision shall become the final decision").

Noll filed a petition for judicial review.  The department moved to dismiss the petition for failure to exhaust administrative remedies.  The district court denied the motion.  The department sought and obtained interlocutory review of the ruling.

## II.    *Exhaustion of Administrative Remedies*

The Iowa Administrative Procedure Act states, "A person or party who has exhausted all adequate administrative remedies . . . is entitled to judicial review." Iowa Code § 17A.19(1) (2015).  To decide whether the exhaustion requirement applies, we must determine if an administrative remedy exists for the claimed wrong and if a statute expressly or implicitly requires that remedy to be exhausted before resort to the courts.  *Keokuk Cty. v. H.B.*, 593 N.W.2d 118, 123 (Iowa 1999).  If exhaustion is required, the failure to exhaust administrative remedies deprives a court of authority to hear a case.  *See Ghost Player, LLC v. State*, 860 N.W.2d 323, 326 (Iowa 2015).

Iowa Code chapter 249A, titled Medical Assistance, vests the department with authority to determine eligibility.  *See* Iowa Code §§ 249A.2(1) (defining department); 249A.4(1) (requiring director of department to determine "the broadest range of eligible individuals to whom assistance may effectively be provided"); 249A.3 (prescribing eligibility rules).  The statute authorizes the department to "[a]dopt rules pursuant to chapter 17A [the Iowa Administrative Procedure Act] in determining the method and the level of reimbursement for all medical and health services."  *Id.* § 249A.4(9).  The statute also requires the department to "provide an opportunity for a fair hearing before the department of inspections and appeals to an individual whose claim for medical assistance under this chapter is denied."  *Id.* § 249A.4(11).  According to the statute, the proposed decision "is subject to review by the department of human services." *Id.*  Judicial review is permitted "in accordance with chapter 17A." *Id.*

§ 249A.4(15). We conclude chapter 249A requires exhaustion of administrative remedies prior to seeking judicial review.

In a last-ditch attempt to save the court's ruling, Noll asserts exhaustion was not required because "the administrative remedy was inadequate and/or its pursuit would have been fruitless." This argument implicates the futility doctrine, which is "concerned with the adequacy of the remedy, not the perceived predisposition of the decision maker." *H.B.*, 593 N.W.2d at 125. Because Noll's argument is premised on the perceived predisposition of the decision maker, the futility exception is inapplicable.

Noll failed to exhaust his administrative remedies, thereby depriving the district court of authority to hear the case. We reverse and remand for dismissal of the petition.

**REVERSED AND REMANDED.**